UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VERNON HICKERSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-03400 |
| | § | |
| TEXAS HONING, INC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Pending before the Court is the defendant's, Texas Honing, Inc. (the "defendant"), motion for summary judgment (Dkt. No. 14). Pro se plaintiff, Vernon Hickerson (the "plaintiff"), did not respond to the motion for summary judgment and the time for doing so has expired. Accordingly, pursuant to S.D. Tex. L.R. 7.4, the plaintiff's "[f]ailure to respond will be taken as a representation of no opposition." After having carefully considered the motion, the record and applicable law, the Court determines that the defendant's motion for summary judgment should be **GRANTED**.

**II.   FACTUAL BACKGROUND**

The plaintiff, an African-American male, was employed by the defendant from September 29, 2014 until January 30, 2015, when he was terminated. His employment was subject to a 90-day probation period. Serving as a maintenance technician, the plaintiff's main role was repairing machines. The plaintiff alleges that the defendant violated Title VII when it discriminated and retaliated against him because of his race.

On November 26, 2014, the defendant issued the plaintiff a written counseling document regarding his conduct (Dkt. No. 14-1 at Ex. 11). The conduct included escalating his voice while

speaking to a supervisor and getting into the supervisor's "personal space". At the bottom of the counseling document the plaintiff wrote, "…I am not a punching bag or a slave". A human resources manager questioned him about why he wrote the comment. The plaintiff reported that a remark made by a supervisor had prompted his comment. He described the supervisor as a racist and then explained that during a prior incident the supervisor said to him, "[s]lavery did y'all a favor" (Dkt. No. 14-1, 84:10).

On December 11, 2014, a co-worker reported that the plaintiff had crossed the safety perimeter of a machine. Safety perimeters exist to prevent employees from getting too close to machines when they are running. The defendant claims that crossing the perimeter created an unsafe situation. On the same day, the plaintiff was issued a second written counseling regarding his performance (Dkt. No. 14-1 at Ex. 14). The written counseling document stated that the plaintiff would be given an opportunity to improve his performance regarding compliance with the company's cell phone policy and taking initiative to begin a new task once a task is completed. At that time, management scheduled a meeting for December 23, 2014, with the plaintiff to discuss his performance. In light of the holidays, the meeting was postponed and management extended his probationary period by 30 days.

On January 13, 2015, the plaintiff was issued a third written counseling. While some improvement had taken place the plaintiff's performance still needed improvement regarding timeliness, quality of work and compliance with company policies. (Dkt. No. 14-1 at Ex. 15). Subsequently, on January 30, 2015, the plaintiff was terminated.

On August 9, 2017, the EEOC issued a Dismissal and Notice of Rights Letter to the plaintiff. On November 7, 2017, the plaintiff filed the instant action against the defendant

speaking to a supervisor and getting into the supervisor's "personal space". At the bottom of the counseling document the plaintiff wrote, "…I am not a punching bag or a slave". A human resources manager questioned him about why he wrote the comment. The plaintiff reported that a remark made by a supervisor had prompted his comment. He described the supervisor as a racist and then explained that during a prior incident the supervisor said to him, "[s]lavery did y'all a favor" (Dkt. No. 14-1, 84:10).

On December 11, 2014, a co-worker reported that the plaintiff had crossed the safety perimeter of a machine. Safety perimeters exist to prevent employees from getting too close to machines when they are running. The defendant claims that crossing the perimeter created an unsafe situation. On the same day, the plaintiff was issued a second written counseling regarding his performance (Dkt. No. 14-1 at Ex. 14). The written counseling document stated that the plaintiff would be given an opportunity to improve his performance regarding compliance with the company's cell phone policy and taking initiative to begin a new task once a task is completed. At that time, management scheduled a meeting for December 23, 2014, with the plaintiff to discuss his performance. In light of the holidays, the meeting was postponed and management extended his probationary period by 30 days.

On January 13, 2015, the plaintiff was issued a third written counseling. While some improvement had taken place the plaintiff's performance still needed improvement regarding timeliness, quality of work and compliance with company policies. (Dkt. No. 14-1 at Ex. 15). Subsequently, on January 30, 2015, the plaintiff was terminated.

On August 9, 2017, the EEOC issued a Dismissal and Notice of Rights Letter to the plaintiff. On November 7, 2017, the plaintiff filed the instant action against the defendant

alleging claims of race discrimination and retaliation in violation of Title VII. The defendant now moves for summary judgment on the plaintiff's claims.

## III. LAW APPLICABLE TO CASE

### A. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed. 2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by

unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

The plaintiff in this case has not filed a response to the defendant's motion for summary judgment. According to this Court's local rules, responses to motions are due within twenty-one

days unless the time is extended. S.D. Tex. L.R. 7.3. A failure to respond is "taken as a representation of no opposition." S.D. Tex. L.R. 7.4. Notwithstanding the plaintiff's failure to file a response, summary judgment may not be awarded by default. *See Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F 3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279). To this end, the defendant, as "[t]he movant[,] has the burden of establishing the absence of a genuine issue of material fact and, unless [it] has done so, the court may not grant the motion, regardless of whether any response was filed." *See Hetzel*, 50 F.3d at n.3. Nevertheless, in determining whether summary is appropriate, a district court may accept as undisputed the facts set forth in the motion. See *Eversley v. MBank Dallas*, 843 F.2d 174, 174 (5th Cir. 1988) (internal citations omitted). This Courts accepts the defendant's facts and evidence as undisputed.

### B. Title VII

Title VII forbids an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In employment discrimination cases, such as the one *sub judice*, discrimination under section 1981 may be proven "through direct or circumstantial evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (citing *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). In a case where a plaintiff produces no direct evidence of discriminatory intent, the Court must evaluate proof of circumstantial evidence using the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *See*

*Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). Under the *McDonnell Douglas* burden-shifting framework:

> [A] plaintiff must first create a presumption of intentional discrimination by establishing a prima facie case. The burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. The burden on the employer at this stage is one of production, not persuasion; it can involve no credibility assessment. If the employer sustains its burden, the prima facie case is dissolved, and the burden shifts back to the plaintiff to establish either: (1) that the employer's proffered reason is not true but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another motivating factor is the plaintiff's protected characteristic.

*Alvarado*, 492 F.3d at 611 (emphasis, citations and internal quotation marks omitted); *see also Turner*, 476 F.3d at 345 (internal citations omitted). "Although intermediate evidentiary burdens shift back and forth under [the McDonnell Douglas] framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000) (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981)).

Thus, "a plaintiff can avoid summary judgment if the evidence, taken as a whole: (1) creates a fact issue as to whether the employer's stated reason was not what actually motivated the employer; and, (2) creates a reasonable inference that race or religion was a determinative factor in the actions of which plaintiff complains." *Grimes v. Tex. Dep't of Mental Health and Mental Retardation*, 102 F.3d 137, 141 (5th Cir. 1996) (citing *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 450 (5th Cir. 1996).

Using the *McDonnell Douglas* framework to establish race or religious discrimination under section 1981, a plaintiff must demonstrate that she: "(1) belongs to a protected group; (2) was qualified for her position; (3) suffered an adverse employment action; and (4) was replaced

by someone outside of the protected class or, in the case of disparate treatment, that similarly situated employees were treated more favorably." *Nasti v. CIBA Specialty Chems. Corp.*, 492 F.3d 589, 593 (5th Cir. 2007) (citing *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001)).

### C. Title VII Retaliation

To establish a *prima facie* case of Title VII retaliation, "a plaintiff must show that: (1) [s]he engaged in activity protected by Title VII; (2) [s]he was subjected to an adverse employment action; and, (3) a causal link existed between the protected activity and the adverse employment action." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004) (citing *Banks v. E. Baton Rouge Parish Sch. Bd.* 320 F.3d 570, 575 (5th Cir. 2003)). "The burden-shifting structure applicable to Title VII discrimination cases, as set forth in *[McDonnell Douglas]*, is applicable to Title VII unlawful retaliation cases." *Haynes v. Pennzoil Co.,* 207 F.3d 296, 299 (5th Cir. 2000).

### III. ANALYSIS AND DISCUSSION

The plaintiff's pro se complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Further, the plaintiff's claims are liberally construed. *Perez v. U.S.*, 312 F.3d 191, 294-95 (5th Cir. 2002).

The plaintiff alleges that the defendant discriminated against him based on race. The defendant denies this claim. (Dkt. No. 6). The defendant maintains that it did not discriminate, and that the plaintiff cannot satisfy the fourth prong of the *prima facie* case for a Title VII race claim. Under the fourth prong the plaintiff must show that he was treated less favorably than other similarly situated employees outside of his protected group. The defendant argues that the plaintiff has failed to provide any evidence suggesting that he was treated any differently than

other workers. The defendant adds that the plaintiff has not presented evidence of any comparators -- maintenance technicians with the same history of performance issues that were treated more favorably. (Dkt. No. 14).

An examination of any proffered evidence fails to identify a similarly situated employee who was treated more favorably. To the contrary, in the plaintiff's deposition he admits that no other maintenance technician was on a probationary period as he was. The plaintiff acknowledges not being aware if other employees received written counseling documents, as he did. (Dkt. No. 14-1, 130:21). The plaintiff fails to satisfy the fourth prong. Therefore, the plaintiff's claim that he was wrongfully terminated because of his race fails.

The plaintiff also alleges that the defendant retaliated against him. The defendant denies this claim. (Dkt. No. 6). After receiving the first counseling document, the plaintiff wrote on the bottom that he was not a "punching bag or a slave," and human resources investigated the comment. He reported to human resources that a specific supervisor was racist and that during a prior incident the supervisor said, "slavery did y'all a favor". The plaintiff believes that because he raised the race issue, he received two more counseling documents and was terminated.

The defendant contends that the plaintiff cannot establish the third element of his *prima facie* retaliation claim. To prove the third element, the plaintiff must provide proof of but-for causality, i.e., the adverse action would not have occurred in the absence of the alleged wrongful action of the employer. *Univ. of Tex. Sw. Med. Ctr. V. Nassar*, 133 S. Ct. 2517, 2533 (2013). The defendant argues that no causal connection exists between the plaintiff's written comment and his termination.

After the plaintiff wrote the comment, the matter was investigated by management and no other racial incidents were reported. According to the defendant, the cause for the termination

was the plaintiff's inability to meet his performance expectations while on his probationary period. Moreover, the defendant offers documentation of the plaintiff's performance issues and provides the employee manuals signed by the plaintiff acknowledging his awareness of policies. The plaintiff fails to satisfy the third prong.

**IV.    CONCLUSION**

Summary judgment is proper for the defendant on the plaintiff's claims for race discrimination and retaliation under Title VII. Based on the foregoing analysis and discussion, defendant's motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 14th day of February, 2019.

                                                             _____
                                                             Kenneth M. Hoyt
                                                             United States District Judge